Sarah E. LEE, as Personal Representative of the Estate of James E. Lee, Deceased, and on behalf of James E. Lee, Sr., Sarah E. Lee, Mary Louise Byrd, Jeanine Lyne Lee, Leshia Maria Lee, Paula Rae Lee, and Craig Eugene Lee, Appellants (Plaintiffs),

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SWEETWATER; Sweetwater County Sheriff's Department; the City of Rock Springs; Louis Muir, Rock Springs Chief of Police; Lt. Robert Overy, Rock Springs City Police Department; and Jaime S. Green, Rock Springs City Police Department, Appellees (Defendants).

No. 5622.

Supreme Court of Wyoming.

April 28, 1982.

Gary L. Shockey, Spence, Moriarity & Schuster, Jackson, for appellants.

Richard E. Day and Patricia M. Baird, Williams, Porter, Day & Neville, P. C., Casper, for appellee Bd. of County Com'rs of the County of Sweetwater.

Eugene S. Hames, Wood, Ris & Hames, P. C., Denver, Colo., and John D. Rossetti, Greenhalgh, Bussart, West & Rossetti, Rock Springs, for appellees Sweetwater County Sheriff's Dept., the City of Rock Springs, Louis Muir, Lt. Robert Overy, and Jaime S. Greene.

Before RAPER, THOMAS, ROONEY and BROWN, JJ., and SAWYER, D. J.

BROWN, Justice.

James E. Lee committed suicide while incarcerated in the Rock Springs city jail. Appellants are the surviving parents and siblings of the deceased.

In their amended complaint appellants allege seven or eight causes of action in 33 paragraphs.[1] In each successive cause of action appellants incorporate and reallege all of the preceding allegations. In their second cause of action appellants also incorporate and reallege their third through seventh causes of action. In effect, the second and last causes of action allege everything in the complaint.

In addition to alleging negligence and violation of civil rights, appellants also specifically allege assault and battery, false imprisonment, intentional infliction of emotional harm, punitive damages, damages for wrongful death, and a survival action for civil rights violations and tort actions.

Summary judgment was granted in the district court in favor of appellees.

Appellants urge eight issues. They set out the first issue as: "Whether it is error to grant summary judgment motions, a) without hearing, b) without setting a hearing, and c) without establishing a deadline within which factual materials in opposition

---

1. We say seven or eight causes of action because in their amended complaint appellants refer to Roman Numeral VIII as both seventh and eighth causes of action.

to the motion are to be filed, also, whether this violates procedural due process."

We will reverse and remand.

The complaint in this case was filed December 27, 1979. A pretrial order was dated and filed July 20, 1981. Before and after the pretrial order, motions for summary judgment were filed by all appellees.

On September 4, 1981, the district judge advised appellants by letter that he had granted appellees' motion for summary judgment. The district judge's formal opinion was filed September 11, 1981. Appellants contend that they were not advised that the motion for summary judgment would be determined without oral argument. Furthermore, appellants contend that the judge did not give them notice of the time set for hearing on motions for summary judgment, nor did he give them notice of the deadline date for filing materials in opposition to the motions for summary judgment.

After oral argument in this matter counsel for one appellee sent this court a document entitled, "Order Setting Cases for Trial or Pretrial and Setting Motions for Hearing." [2] In this order numerous cases were set for trial or pretrial, and there was a standard statement near the beginning that "Hearings on motions will be by briefs." Among the settings was the case at bar, which was set for pretrial July 15, 1981. The pretrial order dated July 20, 1981, contains a briefing schedule. Appellees contend that the order setting pretrial and the pretrial order considered together properly notified appellants that motions, including motions for summary judgment, would be determined without oral argument. Appellees further contend that appellants knew when their brief in opposition to motions for summary judgment was due; therefore, they should have known when their materials in opposition to motions for summary judgment should have been filed.

Conceivably, appellants could have gleaned some vague hint from the "Order Setting Cases for Trial or Pretrial and Setting Motions for Hearing," that motions for summary judgment would be heard without oral argument; however, we believe this attenuated notice is deficient and not contemplated by Rule 56, W.R.C.P. There is nothing in the "Order Setting Cases for Trial or Pretrial and Setting Motions for Hearing" or the pretrial order that puts appellants on notice concerning the last day in which they may file materials in opposition to the motions for summary judgment. In any event, the "Order Setting Cases for Trial or Pretrial and Setting Motions for Hearing," was not part of the record, and appellees have not attempted to supplement the record.[3] Therefore, we will not consider it.

This case is similar in many respects to *Kimbley v. City of Green River*, et al., Wyo., 642 P.2d 443 (1982). We hold here as we did in Kimbley that before motions for summary judgment can be properly determined, the adverse party must, 1) be advised either by court rule or order that a motion for summary judgment will be determined without oral hearing, and 2) be given notice of a cutoff date for filing materials in opposition to a motion for summary judgment.

The procedures in the district court were deficient in that proper notice of these matters was not given to appellants. Apparently the district court determined as a matter of law that appellants' amended

**2.** We do not know when this order was filed or sent to counsel. Apparently it was sometime after December 5, 1979, as that was the date appellants filed a motion for a pretrial.

**3.** Rule 4.04, W.R.A.P.
"If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the Supreme Court, or the Supreme Court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the Supreme Court by motion."

complaint did not state a cause of action under any of their theories, and therefore materials in opposition to motions for summary judgment and a hearing would serve no purpose. After carefully examining appellants' amended complaint, we cannot conclude as a matter of law that appellants' amended complaint does not state a cause of action under any of their theories.

We reverse and remand this case for a correction of procedural errors and reconsideration by the district court after an opportunity has been given appellants to supply materials in opposition to motions for summary judgment.