Susan W. McKENNAN, Personal Representative of the Estate of Terry Don McKennan, Deceased, Appellant (Plaintiff),

v.

WYOMING SAWMILLS, INC., a Wyoming Corporation, Appellee (Defendant).

No. 91–24.

Supreme Court of Wyoming.

Sept. 16, 1991.

James P. Castberg, Sheridan, for appellant.

Kim D. Cannon and Anthony T. Wendtland of Burgess, Davis, Carmichael and Cannon, Sheridan, for appellee.

Before URBIGKIT, C.J., THOMAS, CARDINE and GOLDEN, JJ., and BROWN, Ret. J.

BROWN, Justice, Retired.

Appellant Susan McKennan, personal representative of the estate of Terry Don McKennan (McKennan), brought suit alleging that Terry McKennan's employment with appellee Wyoming Sawmills, Inc., was unlawful in that he was required to work under circumstances that violated the Wyoming Occupational Health and Safety Act (OHSA), W.S. 27–11–101 *et seq.* (June 1987 Repl.) [1] and that, because his employment was unlawful, the exclusive remedy provided by the Wyoming Worker's Compensation Act, W.S. 27–14–101 *et seq.* (1987 Repl. and 1990 Supp.) was not applicable to their claims. In addition, McKennan asserted that Wyoming's wrongful death statute creates a class of claimants who are not precluded from seeking damages for wrongful death by the worker's compensation laws. The district court dismissed the complaint, finding that it was barred by Wyo.Const. art. 10, § 4, and W.S. 27–14–104 [2].

---

1. These statutes were amended in 1990, but those in effect at the time of injury are those found in the 1987 Replacement.

2. W.S. 27–14–104 reads:

Exclusive remedy as to employer; nonliability of coemployees; no relief from liability; rights as to delinquent or noncontributing employer.

(a) The rights and remedies provided in this act for an employee including any joint employee, and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer and any joint employer making

We affirm.

Terry McKennan died tragically on September 22, 1989, at the Wyoming Sawmills plant in Sheridan, Wyoming. There were no witnesses to the industrial accident, but circumstances suggested that Terry fell or was drawn into an auger that moved wood chips as he was trying to unclog it. He suffered massive body trauma and died almost instantly. In her complaint, McKennan alleged that Terry's employment was unlawful because Wyoming Sawmills was in violation of several OHSA rules and regulations. The complaint contained this recitation of work place violations:

(a) Failed to maintain and supervise an adequate safety program in order to provide Terry Don McKennan with adequate instruction in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment in order to control or eliminate any occupational hazards or his exposure to illness or injury.

(b) Failed to install, maintain and require the use of "lockout devices" such as padlocks in order to lock out the source of power at the main disconnect switch on the equipment which caused the death of Terry Don McKennan, which "lockout devices" are necessary to disconnect the power source or flow of material so that it is locked out or blocked off before any maintenance, inspection, cleaning, adjusting or service of equipment requiring entrance into or close contact with the machinery or equipment can be performed.

(c) Failed to provide guarding for exposed moving elements of the equipment which caused the death of Terry Don McKennan which guarding should be in place at all times while the machine is in operation.

(d) Failed to provide adequate and effective lighting designed to supply adequate general and local lighting to the work area and to avoid shadows and extreme contrasts during the time of use by the employee.

(e) Failed to place signs warning of hazards existing in the work place in the immediate area of the exposed moving elements of the equipment which caused the death of Terry Don McKennan.

(f) Failed to adequately train and properly supervise Terry Don McKennan as to the use and operation of the equipment being operated by Terry Don McKennan at the time of his death.

Wyoming Sawmills was initially charged with three violations of the Wyoming Occupational Health and Safety Rules and Regulations for Wood Harvesting & Processing: failure to instruct employee (Chap. III, Sec. 2.b.); failure to provide guarding for exposed moving elements (Chap. IV, Sec. 12.d.(11)); and failure to use lockout devices (Chap. IV, Sec. 12.d.(13). Pursuant to a settlement process, the first and third violations were vacated and Wyoming Sawmills paid a penalty of $420 on the second violation.

██ The district court granted Wyoming Sawmills' motion to dismiss, and we agree that no other resolution of this case is possible under the current worker's compensation statutes. In *Mauch v. Stanley Structures, Inc.*, 641 P.2d 1247, 1251 (Wyo. 1982), we held that the existence of OHSA violations does not render otherwise lawful employment unlawful. That is exactly the circumstance here, and we adhere to that holding. The case law precedents are unanimous in support of our decision in

contributions required by this act, or their employees acting within the scope of their employment, but do not supersede any rights and remedies available to an employee and his dependents against any other person.

(b) No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act except as otherwise provided by this act.

(c) This act does not limit or affect any right or action by any employee and his de-

pendents against an employer for injuries received while employed by the employer when the employer at the time of the injuries has not qualified under this act for the coverage of his eligible employees, or having qualified, is delinquent in payment of premium on an injured employee's earnings. When an employee's employment starts within the same month as the injury, the status of delinquency or not contributing shall not apply until after the regular payroll reporting date.

*Mauch. Barrino v. Radiator Specialty Company,* 315 N.C. 500, 340 S.E.2d 295, 304 (1986); M. Rothstein, Occupational Safety and Health Law, (West's Handbook Series), Chapter 21, §§ 501–502 (3rd Ed. 1990); S. Bokat and H. Thompson, Occupational Safety and Health Law, Chapter 25 (1988); Annotation, *OSHA Violation by Employer or Third Party as Providing Cause of Action for Employee,* 35 A.L.R.Fed 461 (1977). In *Mauch,* we also iterated our holding that the employer immunity provided by the worker's compensation statutes exists without regard to negligence, whether culpable or ordinary. *Mauch,* 641 P.2d at 1250. In addition, we made clear that the immunity provision excludes actions against a deceased's employer by the surviving relatives or administrator of the deceased. *Id.*

■ In the context of this case, we also note that the employer immunity provided by the worker's compensation scheme extends even to conduct that might otherwise be considered culpable:

> Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character.
>
> 2A A. Larson, *The Law of Workmen's Compensation,* § 68.13 at 13–36 to 13–44 (1987). *And see Wessel v. Mapco, Inc.,* 752 P.2d 1363 (Wyo.1988).

In summary, we hold that Terry McKennan's employment was not unlawful and the district court properly dismissed McKennan's complaint. This decision may appear harsh, but the remedy to more complete redress of a grievance such as this lies with the Wyoming State Legislature and not with this court.

The order of the district court is affirmed.