**Susan W. McKENNAN, Personal Representative of the Estate of Terry Don McKennan, Deceased, Appellant (Plaintiff),**

v.

**Richard C. NEWMAN, Ron Rabe, Gary Senier, Terry Caywood, John Doe, et al., Appellees (Defendants).**

**No. 91–273.**

Supreme Court of Wyoming.

Dec. 11, 1992.

James P. Castberg, Sheridan, Robert R. Rose, Jr., Cheyenne, and Gary L. Shockey, Jackson, for appellant.

Kim D. Cannon and Anthony T. Wendtland of Burgess, Davis, Carmichael & Cannon, Sheridan, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

Susan W. McKennan, personal representative of the estate of Terry Don McKennan, appeals from the district court's order dismissing the wrongful death action which she filed against her deceased husband's co-employees.

We reverse and remand.

Stated most simply, the issue on appeal is: Whether the district court's dismissal order must be reversed in light of *Mills v. Reynolds*, 837 P.2d 48 (Wyo.1992).

Mr. McKennan died in a tragic industrial accident which occurred at Wyoming Sawmills, Inc. on September 22, 1989. Although no one witnessed the accident, circumstances indicated that Mr. McKennan either fell or was drawn into a wood chip auger as he attempted to unclog it. Mr. McKennan suffered massive body trauma and died almost instantaneously. *McKennan v. Wyoming Sawmills, Inc.*, 816 P.2d 1303, 1304 (Wyo.1991).

Ms. McKennan filed a wrongful death action against Wyoming Sawmills, Inc. on October 11, 1990. She alleged that her husband's employment with Wyoming Sawmills, Inc. was unlawful because he was required to work under circumstances which violated the Wyoming Occupational Health and Safety Act, Wyo.Stat. §§ 27–11–101 to –114 (1991 & Supp.1992). Ms. McKennan reasoned that, because her husband's employment was unlawful, the exclusive remedy provisions in Article 10, Section 4 of the Wyoming Constitution and Wyo.Stat. § 27–14–104(a) (1991) barred the action. We affirmed, holding "that the existence of OHSA violations does not render otherwise lawful employment unlawful." *McKennan*, 816 P.2d at 1304 (citing *Mauch v. Stanley Structures, Inc.*, 641 P.2d 1247, 1251 (Wyo.1982)).

On September 20, 1991, shortly after our decision in *McKennan*, Ms. McKennan

filed a wrongful death action against her husband's co-employees: Richard Newman, the general manager; Ron Rabe, the sawmill supervisor; Gary Senier, the shift supervisor; and Terry Caywood, the immediate supervisor. This complaint's substantive allegations were essentially identical to those in the complaint filed against Wyoming Sawmills, Inc. Ms. McKennan alleged that her husband's death was proximately caused by the co-employees' operation of the sawmill in violation of OHSA regulations. She further asserted that, because of the co-employees' negligent operation, they were "not acting within the scope of their employment" and thus not statutorily immune from suit under § 27–14–104(a).[1]

In response, the co-employees moved to have Ms. McKennan's complaint dismissed pursuant to W.R.C.P. 12(b)(6). Their motions to dismiss were supported by supplemental materials from *McKennan* and by Richard Newman's affidavit. The co-employees' position was that they were absolutely immune from suit under § 27–14–104(a) as they were acting "within the scope of their employment" at all times relevant to Mr. McKennan's death. In support of this position, the co-employees relied upon the holding in *McKennan* to argue that OHSA violations alone were an insufficient reason to deny the immunity afforded by the Wyoming Worker's Compensation Act.

Following a hearing held on October 28, 1991, the district court entered an order on November 6, 1991, granting the co-employees' motions to dismiss. The district court determined, after considering the motions, legal memoranda, supplemental materials, affidavit, and counsels' arguments, that Ms. McKennan's wrongful death action against the co-employees was indeed barred by § 27–14–104(a) of the Wyoming

Worker's Compensation Act. This appeal followed.

Under ordinary circumstances, our threshold issue would be whether the co-employees' motions to dismiss were converted to motions for a summary judgment by the district court's consideration of matters outside of the pleadings. *See generally Cranston v. Weston County Weed and Pest Board*, 826 P.2d 251 (Wyo.1992), and *Torrey v. Twiford*, 713 P.2d 1160 (Wyo. 1986). If we were to determine that no conversion occurred, we would then address whether, under the applicable standard of review, the district court erred in determining that Ms. McKennan's complaint failed to state a claim upon which relief could be granted in light of § 27–14–104(a). Alternatively, if we were to determine that conversion occurred, we would then address whether, under the applicable standard of review, the district court erred in determining that Ms. McKennan failed to create an issue of material fact which would preclude an entry of a judgment as a matter of law under § 27–14–104(a).

The need to engage in the analysis outlined above has been obviated, however, by *Mills*.[2] In *Mills*, a majority of this Court agreed that the statutory grant of co-employee immunity contained in § 27–14–104(a) violated one or more provisions of the Wyoming Constitution. *Mills*, 837 P.2d at 49, 55. The *Mills* decision was given effect prospectively and retroactively to July 1, 1987 (the effective date of § 27–14–104(a)). *Id.* at 55–56. As a result of the retroactive application of *Mills*, the district court's dismissal order, which was premised upon the co-employee immunity provided by § 27–14–104(a), cannot stand. Consequently, we reverse and remand this case, directing that Ms. McKennan be allowed to amend her complaint to state a

---

1. Section 27–14–104(a) provides:
   (a) The rights and remedies provided in this act for an employee including any joint employee, and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer and any joint employer making contributions required by this act, or their employees acting within the scope of their

employment, but do not supersede any rights and remedies available to an employee and his dependents against any other person.

2. As *Mills* eliminated the need to consider the conversion issue, we refer to the district court's "Order Granting Motion to Dismiss" as a W.R.C.P. 12(b)(6) dismissal.

cause of action, if any, under the law as it now stands.

Reversed and remanded.

THOMAS, J., files a specially concurring opinion.

THOMAS, Justice, concurring specially.

I agree that the summary judgment must be reversed in this case. In my view, however, the reversal appropriately should be premised upon procedural grounds only. Consequently, I cannot join in the ground for the reversal that is adopted in the opinion of the court.

The procedural facts that are pertinent include the fact that motions to dismiss the plaintiff's complaint for wrongful death on the ground that it failed to state a claim upon which relief could be granted were filed by the several defendants on October 10, 1991 and October 11, 1991. On October 16, 1991, the case was set for "[h]earing on Defendants' Motions to Dismiss on the 28th day of October, 1991 * * *." Relying upon *Fuss v. Franks*, 610 P.2d 17 (Wyo.1980), three of the defendants, on October 17, 1991, designated certain judicially noticeable materials in support of their Motion to Dismiss. On October 18, 1991, without explaining its purpose, the defendants filed and personally served the affidavit of Richard C. Newman, one of the defendants. On November 6, 1991, the court entered an Order Granting Motion to Dismiss, following the hearing held on October 28, 1991, in which the court said:

> [A]nd the Court having considered the Designation of Supplemental Information in Support of Motion to Dismiss, **and the Affidavit of Richard C. Newman** filed on behalf of the Defendants; * * *;
>
> IT IS THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED by the Court that the Defendants', RICHARD C. NEWMAN, RON RABE, GARY SENIER, and TERRY CAYWOOD, Motion to Dismiss is granted on the grounds that the action against these co-employees is barred by the Wyoming Worker's Compensation Act, Wyo.Stat. § 27–14–101, et seq. (June, 1987 Repl. and Cum.Supp.1990), and there being no just reason for delay in the entry of a final order as to the Defendants RICHARD C. NEWMAN, RON RABE, GARY SENIER, and TERRY CAYWOOD, the action is dismissed. (Emphasis added.)

It is clear from its order that the trial court considered the affidavit of Richard C. Newman, as well as the materials offered for judicial notice. That triggered the conversion language of Wyo.R.Civ.P. 12(b) which provided, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and **all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.** (Emphasis added.)

Certainly, conversion to a summary judgment proceeding occurred in this instance.

> This court has taken notice of conversion on appeal in previous cases. *See Brebaugh v. Hales*, 788 P.2d 1128, 1133–34 (Wyo.1990); *Kirby Bldg. Systems v. Independence, Etc.*, 634 P.2d 342, 344–45 (Wyo.1981); *Wyoming Ins. Dept. v. Sierra Life Ins. Co.*, 599 P.2d 1360, 1362 (Wyo.1979).

*Stalkup v. State Dept. of Env. Quality*, 838 P.2d 705, 709 (Wyo.1992).

This case is substantially captured by what the court said in *Shriners Hospital for Crippled Children, Inc. v. First Security Bank*, 835 P.2d 350, 355 (Wyo.1992):

> In *Kimbley v. City of Green River*, 642 P.2d 443, 446 (Wyo.1982), we stated that conversion under Rule 12(b) cannot be accomplished unless the nonmoving party has (1) notice of the court's intent to convert the motion to one for summary judgment, and (2) an opportunity to submit rebuttal materials under Rule 56. We elaborated on the first requirement in *Torrey v. Twiford*, 713 P.2d 1160, 1164 (Wyo.1986). In that case, we said that when affidavits are attached to a motion

to dismiss and considered by the trial court, the motion converts automatically to a motion for summary judgment. In such circumstances, the nonmoving party is not entitled to additional notice of the conversion, *unless the record demonstrates unfair or inappropriate surprise. See also e.g., Cranston v. Weston County Weed and Pest Board,* 826 P.2d 251, 254 (Wyo.1992); *Brebaugh v. Hales,* 788 P.2d 1128, 1134 (Wyo.1990); *Mostert v. CBL & Associates,* 741 P.2d 1090, 1096–97 (Wyo.1987). We have also discussed the second requirement in *Kimbley,* which is that the nonmoving party be granted "reasonable opportunity to present all material made pertinent to such a motion." W.R.C.P. 12(b). This means, at a minimum, that the nonmovant must have ten days to respond to the converted motion prior to any hearing on it. *Torrey,* at 1165; *see also* W.R.C.P. 56.

\*    \*    \*    \*    \*    \*

However, under the circumstances, we must hold that if summary judgment was entered, it was improvidently entered. The record demonstrates that Shriners had neither notice of the trial court's intent to convert nor a reasonable opportunity to submit materials in response to a summary judgment motion. Shriners was "unfair[ly] or inappropriate[ly] surprised" when the court considered the Lamborn Affidavit, thus triggering automatic conversion, without having responded to Shriners' request for clarification as to whether conversion had occurred. Furthermore, the confusion created by the court's failure to respond, coupled with its refusal to grant more time for discovery, prevented Shriners from having a "reasonable opportunity" to respond to the motion.

Earlier in *Cranston v. Weston County Weed and Pest Bd.,* 826 P.2d 251, 254 (Wyo.1992), we had said:

A motion for dismissal under W.R.C.P. 12(b)(6) converts to a motion for summary judgment if the trial court considers matters other than the pleadings. *Mostert v. CBL & Associates,* 741 P.2d

1090, 1097 (Wyo.1987). For a more thorough explanation of this concept, *see also Torrey v. Twiford,* 713 P.2d 1160, 1162–63 (Wyo.1986). If the materials considered are affidavits attached to the motion, conversion occurs automatically. *Torrey,* 713 P.2d at 1165; W.R.C.P. 12(b). If affidavits have not been filed, but other materials are considered, such as discovery documents, conversion does not occur automatically. The court may still treat the motion as one for summary judgment, but the record must demonstrate that the parties had notice of the conversion and that the nonmovant had an opportunity to respond. *Torrey,* at 1164. *See also Kimbley v. City of Green River,* 642 P.2d 443, 445 (Wyo. 1982), *appeal after remand* 663 P.2d 871 (Wyo.1983).

The only arguable difference with respect to the application of these principles in this case is whether there was a waiver by the appellant. *See Matter of Estate of Obra,* 749 P.2d 272 (Wyo.1988). I would hold that, since the Newman affidavit was not filed with the motions submitted by the defendants, the appellant was entitled to notice, of at least ten days, before this proceeding could be converted to a hearing on a motion for summary judgment. It is clear that such notice was not furnished and, for that reason, the summary judgment was improvidently entered.

I would remand the case to the trial court with instruction that it should permit the appellant to file any opposing materials that she deems appropriate and then rehear the motion as one for a summary judgment. I would not address the substantive aspects of the case until the procedural requirements have been met.