2007 WY 197

**John RION, Appellant (Defendant),**

v.

**The STATE Of Wyoming, Appellee (Plaintiff).**

**Nos. 06–178, 06–179.**

Supreme Court of Wyoming.

Dec. 13, 2007.

Representing Appellant: Edward J. Battitori of Meek & Battitori, Baxter Springs, Kansas; and Raymond D. Macchia of Macchia & Associates, LLC, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

■ [¶1] The appellant appeals from his convictions for arson and felony property destruction on the ground that his trial counsel was ineffective. Pursuant to *Calene v. State*, 846 P.2d 679, 692 (Wyo.1993), this Court granted the appellant's Motion for Remand to Determine Ineffective Assistance of Trial Counsel. The hearing upon remand took place in the district court on April 12, 2007. Four witnesses, including defense trial counsel, testified at the hearing, the transcript of which is 120 pages in length. On April 24, 2007, the district court issued a detailed eleven-page Decision Letter in which each of the allegations of ineffectiveness was individually considered and rejected. An Order Upon Evidentiary Hearing was entered on May 15, 2007, in which the district court concluded that, because trial counsel's performance was reasonable and acceptable, there was no need to address the issue of prejudice.[1]

■ [¶2] In reviewing the decision of the district court after remand, we defer to the district court's findings of fact unless they are clearly erroneous, but we conduct a

---

1. In determining claims of ineffective assistance of counsel, we apply the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), wherein the appellant must show (1) that counsel's performance was deficient, and (2) that prejudice resulted. *Frederick v. State*, 2007 WY 27, ¶30, 151 P.3d 1136, 1146 (Wyo.2007).

*de novo* review of the district court's conclusions of law, the latter of which includes the question of whether counsel's conduct was deficient. *Strandlien v. State*, 2007 WY 66, ¶ 20, 156 P.3d 986, 992 (Wyo.2007). It is of particular significance in the present case that the appellant bears the burden of proving deficient conduct, that there is a strong presumption that counsel's performance was competent, and that "we will not consider claims unsupported by cogent argument or pertinent authority." *Frederick v. State*, 2007 WY 27, ¶ 30, 151 P.3d 1136, 1146 (Wyo. 2007), quoting *Martinez v. State*, 2006 WY 20, ¶ 31, 128 P.3d 652, 665 (Wyo.2006).

[¶ 3] Despite the availability of the evidence from the remand hearing, despite bearing the burden of proof, and in the face of the above-recited standard of review and the district court's detailed decision letter, the appellant has presented to this Court only two and one-half pages of very generalized argument supporting his allegations of ineffective assistance of counsel. In effect, his brief is nothing more than a recitation of the allegations themselves, with no analysis of either the allegedly deficient conduct, or any prejudice that might have resulted therefrom. Consequently, we summarily affirm the determinations of the district court and the appellant's convictions.

HILL, Justice, specially concurring, with whom KITE, Justice, joins.

[¶ 4] I agree that Rion's convictions should be affirmed, but I would address the issue he raised on its merits. In essence, the majority affirms, "summarily," on the basis that because appellate counsel were ineffective in presenting to this Court the issue of trial counsel ineffectiveness, our precedents make it unnecessary to give that issue any substantive consideration. In my view, that disposition deprives Rion of review of his contention that his trial attorney was ineffective, on the basis that his appellate counsel were also ineffective.

[¶ 5] This matter was docketed in this Court on August 1, 2006. The filing of the notice of appeal in Rion's case was not completed in accordance with the Wyoming Rules of Appellate Procedure and, hence, appellate counsel was sanctioned. In the year 2006, Rion's appellate counsel filed four motions to extend the time to file a brief and those motions were granted by the Court. However, on January 3, 2007, after those events had occurred, we remanded this case to the district court to conduct a hearing on the matter of ineffective assistance of counsel pursuant to our decision in *Calene v. State*, 846 P.2d 679 (Wyo.1993). W.R.A.P. 21 (Supp.2007) now sets out the procedure for such a hearing. The briefing schedule was stayed during the remand.

[¶ 6] The *Calene* hearing was conducted on April 12, 2007. The result of the hearing (the district court's decision letter) was received by this Court on May 9, 2007, and a subsequent order effectuating the district court's findings and conclusions was received by this Court on May 15, 2007. By order entered on May 17, 2007, a new briefing schedule was established. In that order, Rion was allowed 30 days in which to file his brief, rather than the usual 45 days allowed by W.R.A.P. 7.06(a). That order also stated that Rion would not be allowed any *additional* extensions of time to file his brief.

[¶ 7] However, Rion did file a motion for an extension of time in mid-June of 2007, premised on the disruption to one of his appellate counsel's life by flooding in Kansas. Rion had two attorneys representing him in this appeal, one from Wyoming and one from Kansas. That motion was identified by the Court as a fifth request for extension of time to complete Rion's brief, although this was a new briefing schedule that required the access to the materials developed at the *Calene* hearing. The extension was granted allowing Rion until July 18, 2007, to file his brief. In bold type, the order granting that extension stated that, " . . . **no further requests for extensions of time will be considered.**" Nonetheless, on June 26, 2007, Rion filed yet another motion for an extension of time of 13 days (until July 31, 2007), to file his brief, because appellate counsel had not yet obtained a copy of the transcript of the *Calene* hearing and needed it to complete Rion's brief. This motion was identified as a sixth request for an extension. By order entered on June 27, 2007, that motion was denied.

The transcript of the *Calene* hearing was completed and filed in the district court on Friday, July 2, 2007. Rion's brief was timely filed on July 17, 2007.

[¶ 8] In this appeal, Rion contends that the validity of his convictions for arson and felony property destruction was undermined by the substandard performance of his attorney at trial, i.e., ineffective assistance of *trial* counsel. The majority opinion opts to "summarily affirm" based upon appellate counsel's substandard performance. I do not agree that appellate counsel failed to clearly pose the issue they wanted the Court to consider, i.e., were the findings and conclusion of the district court, to the effect that Rion was not deprived of the effective assistance of counsel at trial, which findings were developed after the *Calene* hearing, and in the light of the proceedings at Rion's earlier trial in the district court, erroneous in any way? In my view, the record bears out that the district court's findings of fact were not clearly erroneous, and its conclusion that trial counsel were not ineffective as a matter of law is sound. Moreover, even if I were to agree with the majority's characterization of appellate counsel's performance, and it most certainly was marginal at best, I would take the view that this Court must identify that performance as ineffective assistance of appellate counsel and order new briefing in this case.

[¶ 9] Based on the briefs, the transcript of Rion's trial, and the *Calene* hearing transcript most importantly, I conclude that Rion's trial counsel was not ineffective and, hence, the judgment and sentence of the district court should be affirmed.