2008 WY 40

**Susan K. KRUCKENBERG and Linda Leif, Appellants (Plaintiffs),**

v.

**DING MASTERS, INC., Appellee (Defendant).**

No. S–07–0084.

Supreme Court of Wyoming.

April 8, 2008.

Rehearing Denied May 7, 2008.

896

Representing Appellants: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: Robert Carl Jarosh and Richard Grant Schneebeck, of Hirst & Applegate, P.C., Cheyenne, Wyoming. Argument by Mr. Jarosh.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellants, Susan Kruckenberg and Linda Leif, appeal the district court's grant of summary judgment in Ding Masters' favor. We affirm.

### ISSUES

[¶ 2] Appellants present the following issues:

1. Even if the Plaintiffs were deemed to have filed no response at all in opposition to summary judgment, did the trial court commit an error of law and/or violate the constitutional protections of due process by granting the motion without a hearing and without notice of intent to do so, thereby precluding Plaintiffs from arguing at the scheduled hearing, that the movant's motion and attached affidavits and depositions did not establish movant's right to summary judgment as a matter of law?

2. Where the Plaintiffs filed their "Motion to Continue Motion for Summary Judgment Hearing and to Strike Affidavits" in a timely manner in response to Defendant's Motion for Summary Judgment, did the district court commit an error of law or deny Plaintiffs due process of law by granting summary judgment prior to the court-scheduled hearing, thereby precluding Plaintiffs from filing "supplemental memoranda or rebuttal affidavits" in opposition to summary judgment at least one day prior to the hearing, as allowed by W.R.C.P. Rule 6(c)?

3. Considering only the movant's materials, did the trial court commit an error of law when it found that no genuine issues of material fact remained for trial and that Ding Masters was entitled to summary judgment as a matter of law?

Ding Masters states the issues as follows:

1. Does this Court lack jurisdiction over an appeal from an order that is not identified in Appellants' notice of appeal, in violation of W.R.A.P. 2.07(a)(2)?

2. Did the district court correctly rule that the undisputed evidence before it warranted summary judgment in favor of Ding Masters?

3. Did the district court properly exercise the discretion granted to it by Wyo. R. Civ. P. 56(e) by ruling on Defendant Ding Masters, Inc.'s Motion for Summary Judgment without hearing oral arguments?

4. Did the district court properly exercise its discretion by declining to treat Appellants' Motion for Continuance as a "response" within the meaning of Wyo. R. Civ. P. 6(c) and 56?

### FACTS

[¶ 4] Ding Masters is an automotive paintless dent removal company based in Alabama. Ding Masters' staff consists of its president, Andy Terry, its vice-president, and two full-time dent repair technicians. Ding Masters operates from a permanent Alabama location. Additionally, it solicits business nationwide, in locations where a significant hail storm has recently occurred, from entities that own large numbers of cars, including automobile dealerships and rental car companies. If those businesses hire Ding Masters, the company sets up a temporary operation in the area where the cars are located and repairs the dents resulting from the hailstorm. In order to fulfill its obligations at these temporary locations, Ding Masters routinely hires individuals on a temporary basis to perform the repairs.

[¶ 5] Cheyenne suffered a severe hailstorm in 2002, and Dinneen Motors and Hertz Rent–A–Car hired Ding Masters to repair the hail damage to their vehicles. In turn, Ding Masters hired several individuals, including Isaac Gantz, to perform the repairs. During the Cheyenne job, while returning a vehicle to Hertz Rent–A–Car, Mr. Gantz was involved in a collision with a vehicle occupied by Appellants. Appellants filed

two separate lawsuits seeking the recovery of damages arising from the collision. Mr. Gantz was the sole defendant in one of the lawsuits. Hertz Rent–A–Car, Dinneen Motors, and Ding Masters were the named defendants in the second lawsuit. The two cases were consolidated. The allegations against Mr. Gantz, Dinneen Motors, and Hertz Rent–A–Car have been resolved. This appeal involves only Appellants' claim against Ding Masters.

[¶ 6] Appellants contend that Ding Masters is vicariously liable for the negligence of Mr. Gantz. Their claim of vicarious liability is premised upon their contention that Mr. Gantz was an employee of Ding Masters at the time of the collision. Ding Masters denied Appellants' claim of vicarious liability, contending that Mr. Gantz was an independent contractor. On October 16, 2006, Ding Masters filed a motion for summary judgment. Its motion was supported by depositions, affidavits, and a supporting memorandum. Ding Masters also requested a hearing on its motion, and on October 31, 2006, the district court scheduled a hearing for January 5, 2007. Appellants did not file an affidavit or other evidence in opposition to the motion.

[¶ 7] Three days after the district court set the hearing, Appellants filed a *Motion to Continue Motion for Summary Judgment Hearing and to Strike Affidavits*. In their motion, Appellants alleged that Ding Masters had interfered with Appellants' attempts to depose the two permanent Ding Masters' employees. They also contended that several affidavits and an exhibit that Ding Masters had attached to its motion for summary judgment should be stricken. Appellants re-

quested a hearing on their motion, but a hearing was never scheduled.[1]

[¶ 8] Ding Masters filed a response to Appellants' motion on November 13, 2006. The response generally denied Appellants' allegations of discovery misconduct and attached supporting exhibits. Ding Masters also filed—separately from its response to Appellants' motion—a *Motion for Entry of Judgment*. In that motion, Ding Masters stated that "[n]o other arguments, evidence, or affidavits were submitted [by Appellants] or should be considered, and there are no genuine issues of material fact regarding any of the claims asserted against Ding Masters." The district court granted summary judgment in Ding Masters' favor on November 17, 2006. Appellants filed a notice of appeal from that order. We dismissed that appeal on January 16, 2007 because Appellants' claims against Mr. Gantz, Hertz Rent–A–Car, and Dinneen Motors had not yet been resolved, and the order granting summary judgment was not a final, appealable order. Once those remaining claims were resolved, Appellants filed a second notice of appeal, and we now consider that appeal.

## DISCUSSION

### Jurisdiction

■ [¶ 9] We first address Ding Masters' jurisdictional issue. Ding Masters contends that Appellants failed to conform their notice of appeal to the requirements of W.R.A.P. 2.07(a)(2), (b)(1), and (b)(2).[2] As a result, it asserts, this Court does not have jurisdiction to hear this case pursuant to W.R.A.P. 1.03, which states that "[t]he timely filing of a

---

1. Appellants have not appealed the district court's failure to set their motion for hearing nor have they appealed the district court's failure to rule on their motion.

2. W.R.A.P. 2.07 states:
   (a) The notice of appeal shall:
   (1) Specify the party or parties taking the appeal;
   (2) Identify the judgment or appealable order, or designated portion appealed; and
   (3) Name the court to which the appeal is taken.
   (4) Be accompanied by the certificate or endorsement required by Rule 2.05.

(b) In a civil case, the notice of appeal shall have as an appendix:
   (1) All pleadings that assert a claim for relief whether by complaint, counter-claim or cross-claim and all pleadings adding parties; and
   (2) All orders or judgments disposing of claims for relief and all orders or judgments disposing of all claims by or against any party; and
   (3) The judgment or final order.
(c) In a criminal case, the notice of appeal shall have as an appendix the judgment and sentence or other dispositive order.

notice of appeal, which complies with Rule 2.07(a), is jurisdictional."

[¶ 10]   The text of Appellants' notice of appeal is as follows:

COMES NOW, the Appellants, Susan E Kruckenberg and Linda Leif, by and through their attorney Ronald G Pretty, and does hereby give Notice of Appeal as to the Order of Dismissal with Prejudice entered by the First Judicial District Court on the 15th day of February, 2007, and said appeal is to the Wyoming Supreme Court.

Additionally, we note that the caption named "ISAAC S GANTZ and HERTZ RENT–A–CAR, ET AL, DINGMASTER" as defendants, and the certificate of service indicates that Ding Masters' counsel was served with this Notice of Appeal.   The only document attached as an appendix is the *Order of Dismissal with Prejudice*, which dismissed Mr. Gantz and Hertz Rent–A–Car from the suit.

■ [¶ 11]   Ding Masters asserts that Appellants' *Notice of Appeal* did not satisfy Rule 2.07(a)(2) because it identified the *Order of Dismissal* as the appealable order rather than the district court's order granting summary judgment.   An appealable order is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." W.R.A.P. 1.05(a).   Generally, interlocutory orders merge into the final order. *See State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 820 (Wyo.1994).   "[A] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders." 16A Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 3d § 3949.4, at 72 (1999).

[¶ 12]   While the award of summary judgment in Ding Masters' favor certainly affect-

ed a substantial right, it did not "determine the action" because Appellants still maintained unresolved claims against several defendants.[3]   Because the order granting summary judgment in Ding Masters' favor was an interlocutory order, it merged with the *Order of Dismissal with Prejudice*, which was the final order in Appellants' case.   Appellants identified and attached the *Order of Dismissal with Prejudice* to their *Notice of Appeal* and satisfied the requirements of W.R.A.P. 2.07(a)(2).[4]

[¶ 13]   Ding Masters also contends that the *Notice of Appeal* "did not identify Ding Masters as an [A]ppellee, and otherwise failed to put Ding Masters on notice that the appeal was directed at Ding Masters." While Ding Masters is not mentioned in the body of the Notice, it is named in the caption. Additionally, Ding Masters' counsel was served with both the premature and the timely notices of appeal, demonstrating Appellants' intention to appeal the summary judgment.   Furthermore, Appellants' claim against Ding Masters was the only claim resolved on the merits, rather than through a stipulated settlement.   Under the circumstances, it is difficult to see how Ding Masters could be unaware that it was the target of the appeal.

## Opportunity to Respond

■ [¶ 14]   Appellants   contend   that they were not afforded an opportunity to respond to Ding Masters' motion for summary judgment.   They also assert that our prior decisions interpreting W.R.C.P. 56 required the district court to hold a hearing or to inform Appellants, before ruling, that no hearing would be held.   Interpretation of procedural rules is a question of law that we review *de novo*. *Olsen v. State*, 2003 WY 46, ¶ 203, 67 P.3d 536, 606 (Wyo.2003).   If the district court is not required to hold a hearing, we review its decision to hold a hearing

---

**3.**   We note the contrast between this case and *Merchant v. Gray*, where there were no remaining defendants or issues, and the order granting summary judgment in the defendants' favor was the appealable order.   2007 WY 208, ¶¶ 5–6, 173 P.3d 410, 412 (Wyo.2007).

**4.**   Ding Masters correctly notes that Appellants failed to satisfy W.R.A.P. 2.07(b)(1) and (b)(2). Ding Masters, however, does not claim that the violations of W.R.A.P. 2.07(b) are jurisdictional. Exercising our discretion, we decline to dismiss this appeal for those violations.   W.R.A.P. 1.03.

for abuse of discretion. *See Best v. State,* 769 P.2d 385, 389 (Wyo.1989).

[¶ 15] Appellants primarily rely upon our decision in *Lee v. Board of County Comm'rs of the County of Sweetwater,* 644 P.2d 189 (Wyo.1982). Appellants quote the following language:

> We hold here ... that before motions for summary judgment can be properly determined, the adverse party must, 1) be advised either by *court rule or order* that a motion for summary judgment will be determined without oral hearing, and 2) be given notice of a cutoff date for filing materials in opposition to a motion for summary judgment.

*Lee,* 644 P.2d at 190 (emphasis added). The point of this holding is that a non-moving party must be afforded a fair opportunity to present evidence and arguments in opposition to the summary judgment motion. *E.g., McKennan v. Newman,* 843 P.2d 602, 604–05 (Wyo.1992); *Cranston v. Weston County Weed and Pest Bd.,* 826 P.2d 251, 254 (Wyo. 1992); *see Geear v. Boulder Community Hosp.,* 844 F.2d 764, 766 (10th Cir.1988). In this case, the general time rules found in W.R.C.P. 6(c) provide both a set time period for Appellants to respond to Ding Masters' motion for summary judgment and notice that the motion may be decided without a hearing. The version of W.R.C.P. 6(c) in effect at the time of these proceedings provided:

> (1) Unless these rules or an order of the court establish time limitations other than those contained herein, all motions, ... together with supporting affidavits, if any, shall be served at least 10 days before the hearing on the motion.... [A] party affected by the motion *may serve a response, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20 days after service of the motion, whichever is earlier.* Unless the court by order permits service at some other time, the moving party may serve a reply, if any, at least one day prior to the hearing on the motion or within 15 days after service of the response, whichever is

earlier. Unless the court otherwise orders, any party may serve supplemental memoranda or rebuttal affidavits at least one day prior to the hearing on the motion.

> (2) A request for hearing may be served by the moving party or any party affected by the motion within 30 days after service of the motion. Absent a timely request for hearing the court *may, in its discretion, determine the motion without a hearing.*

(Emphasis added.) The rule provides a 20–day period for the non-moving party to file a response in opposition to the motion. Appellants did not file a response in opposition to the motion within the 20–day time provided. Appellants were also notified by W.R.C.P. 6(c)(2) that the district court may, "in its discretion, determine the motion without a hearing." In addition, W.R.C.P. 56(e) requires that in the absence of a response from the non-moving party, "summary judgment, if appropriate, shall be entered against the adverse party." In light of Appellants' failure to respond to Ding Masters' motion for summary judgment, the district court did not abuse its discretion.[5]

[¶ 16] Appellants also contend that their *Motion to Continue Motion for Summary Judgment Hearing and to Strike Affidavits* constituted a "response" for the purpose of allowing supplementation at least one day prior to a hearing pursuant to W.R.C.P. 6(c)(1). We do not agree. Rule 56 contemplates two actions that constitute responses. First, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." W.R.C.P. 56(e). Second, Rule 56(f) allows an opposing party to show, by affidavit, the reasons that the party is unable to present opposing evidence. In sum: "[W]hen the movant has met the initial burden required for the granting of a summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f)." 10B Wright, Miller, & Kane, *Federal Practice*

---

**5.** Effective March 1, 2007, W.R.C.P. 6(c)(2) bars decision on a motion without a hearing if resolution of that motion "will determine the final rights of a party in an action."

*and Procedure: Civil* 3d § 2740, at 399 (1998) (footnotes omitted).

[¶ 17] Appellants in this case did neither. Their motion set out no specific facts supported by affidavits or other evidence. Indeed, their motion did not respond in any way to the substance of Ding Masters' summary judgment motion. Appellants cite no authority providing any reason that we should regard their motion as a "response." There was therefore nothing to "supplement" pursuant to W.R.C.P. 6(c)(1).

[¶ 18] To summarize our procedural analysis, W.R.C.P. 6(c) notified Appellants that they must respond to the summary judgment motion within 20 days. Appellants failed to do so. The rule notified Appellants that the district court could, in its discretion, rule on the motion without a hearing. Furthermore, W.R.C.P. 56(e) required that, in the absence of a response from the non-moving party, "summary judgment, if appropriate, shall be entered against the adverse party." The district court did not abuse its discretion in determining the motion without a hearing.

**Summary Judgment**

[¶ 19] We turn now to Appellants' substantive claim that Ding Masters failed to establish that there was no genuine issue of material fact and that Ding Masters was entitled to judgment as a matter of law. Whether a district court correctly granted summary judgment is an issue of law that we review *de novo*. *Linton v. E.C. Cates Agency, Inc.*, 2005 WY 63, ¶ 7, 113 P.3d 26, 28 (Wyo.2005). When conducting our review, we construe the record in the light most favorable to the party opposing the motion, affording that party the benefit of all reasonable inferences. *Id.*

[¶ 20] Whether summary judgment is proper is determined pursuant to the following framework:

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c).

> A genuine issue of material fact exists when a disputed fact, if proven, would establish or refute an essential element of a cause of action or a defense that a party has asserted.

*Id.*, ¶ 6, 113 P.3d at 28 (citations omitted). "The summary judgment movant has the initial burden of establishing a *prima facie* case with admissible evidence; once this is accomplished, the burden shifts to the opposing party to present specific facts showing that there is a genuine issue of material fact." *Sunshine Custom Paints & Body, Inc. v. South Douglas Hwy. Water & Sewer Dist.*, 2007 WY 206, ¶ 9, 173 P.3d 398, 401 (Wyo. 2007). The movant establishes a *prima facie* case when the record contains no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 337 (Wyo.1986).

[¶ 21] The dispositive issue presented in Ding Masters' motion for summary judgment was whether Mr. Gantz was an independent contractor. In determining whether an individual is an employee or independent contractor, we have previously stated that:

> The overriding consideration in distinguishing between master-servant relationships and employer-independent contractor relationships is the employer's right to control the means and manner of the work. See, e.g., *Stratman v. Admiral Beverage Corp.*, 760 P.2d 974, 980 (Wyo.1988); *Cline v. State, Dep't. of Family Services*, 927 P.2d 261, 263 (Wyo.1996); *Noonan v. Texaco, Inc.*, 713 P.2d 160, 164 (Wyo.1986).
>
> Such a right to control is a prerequisite of the master-servant relationship. Conversely, the absence of such a right of control is a prerequisite of an independent contractor relationship. Master-servant and independent contractor are thus opposite sides of the same coin; one cannot be both at the same time with respect to the same activity; the one necessarily negatives the other, each depending on opposite answers to the same right of control inquiry.

*Coates v. Anderson*, 2004 WY 11, ¶ 7, 84 P.3d 953, 957 (Wyo.2004). When a worker is an independent contractor, the employer

is typically interested only in the results of the work and does not direct the details of ... how the work is performed. *Noonan,* 713 P.2d at 166; *Natural Gas Processing Co. v. Hull,* 886 P.2d 1181, 1186 (Wyo. 1994).

When an express contract exists between the parties, it is important evidence in defining the relationship, although it is not conclusive of the issue. *Coates,* ¶ 14; *Noonan,* 713 P.2d at 164. Other factors which are important to the determination include: the method of payment, the right to terminate the relationship without incurring liability, the furnishing of tools and equipment, the scope of the work, and the control of the premises where the work is to be done. *Stratman,* 760 P.2d at 980; *Combined Insurance [v. Sinclair],* 584 P.2d [1034,] 1043 [(Wyo.1978)]. Another factor to be considered is whether the worker devotes all of his efforts to the position or if he also performs work for others. *Id.*

With regard to the "method of payment" criterion, an independent contractor usually determines the price of his services and bills for his services on a regular basis. *Noonan,* 713 P.2d at 166, citing *Simpson,* 770 F.2d at 501; *Combined Insurance,* 584 P.2d at 1043. On the other hand, when the employer determines the worker's rate of pay and takes deductions out of his paychecks for federal income taxes, Social Security, and Medicare then a master-servant relationship is indicated. *Id.* We have said that payment of workers' compensation and unemployment insurance premiums by an employer suggests that the worker is an employee rather than an independent contractor. See *In re: Claims of Naylor,* 723 P.2d 1237, 1240–41 (Wyo. 1986); *In re Reed,* 444 P.2d 329, 330 (Wyo. 1968). Similarly, when a worker is eligible to participate in benefit programs such as retirement or insurance plans, as a result of his association with the employer, it suggests a master-servant relationship exists. *Combined Insurance,* 584 P.2d at 1043.

*Diamond B Svcs., Inc. v. Rohde,* 2005 WY 130, ¶¶ 28–30, 120 P.3d 1031, 1041–42 (Wyo. 2005).

[¶ 22] Ding Masters submitted affidavits, deposition excerpts, and other materials in support of its motion for summary judgment. Appellants filed no response in opposition to the motion and failed to submit any affidavits or other evidence in opposition to the motion. The district court concluded that no genuine issue of material fact existed and that Mr. Gantz was an independent contractor. We agree with the district court's conclusion.

[¶ 23] The undisputed facts establish that Ding Masters had only four full-time employees. Mr. Gantz was not one of them. Ding Masters had written employment agreements with the full-time employees. It had no such agreement with Mr. Gantz. The written agreement with the full-time employees included a non-compete provision prohibiting them from working for a competitor for two years. It is undisputed that Mr. Gantz was free to leave his employment with Ding Masters at any time with no restrictions on his future employment. Mr. Gantz received nearly double the commission on work he performed compared to the full-time employees. The full-time employees received vacation and retirement benefits. Mr. Gantz did not. Ding Masters withheld taxes and paid for unemployment insurance for its full-time employees. It did not withhold any taxes from Mr. Gantz's pay and Mr. Gantz was not covered by unemployment insurance. Ding Masters provided tools for its full-time employees. Mr. Gantz was required to provide his own tools. Ding Masters provided training to its full-time employees but provided no training to Mr. Gantz. There is no evidence in the record indicating that Ding Masters controlled the manner in which Mr. Gantz performed the repairs on the vehicles or selected the vehicles for Mr. Gantz to repair. Appellants do not cite any evidence in the record indicating that Ding Masters controlled, supervised, or even required Mr. Gantz to drive any of the repaired vehicles. Mr. Gantz was driving the vehicle involved in the collision at the request of Mr. Buck Thornley, but it is undisputed that he was not one of the full-time employees. When we apply the appropriate analysis mandated by *Diamond B,* we conclude that Ding Masters

established its *prima facie* case that Mr. Gantz was an independent contractor. Once Ding Masters had established its *prima facie* case that Mr. Gantz was an independent contractor, the burden shifted to Appellants to come forward with evidentiary materials creating a genuine issue of material fact. Appellants failed to meet their burden and made no attempt to submit evidentiary materials in opposition.

[¶ 24] On appeal, Appellants assert that the evidentiary materials relied upon by Ding Masters contain information that creates a genuine issue of material fact. Though their argument is less than clear, we divine it to be a contention that Ding Masters failed to establish its *prima facie* case. We note that Appellants failed to point out these "facts" to the district court, and pursuant to the recently enacted W.R.C.P. 56.1,[6] that may be fatal to their appeal. Still, under case law applicable when the district court considered the motion for summary judgment, we may consider such information in the course of our *de novo* review. *See, e.g., Lawson v. Garcia*, 912 P.2d 1136, 1138 (Wyo.1996). We will therefore consider Appellants' argument to the extent we understand it.

[¶ 25] In the fact section of their brief, Appellants provide a "bullet" list of facts relating loosely to the relationship between Ding Masters and Mr. Gantz. Presumably these points are intended to demonstrate genuine issues of material fact that should have precluded summary judgment in favor of Ding Masters. With the single exception discussed in the next paragraph, Appellants barely mention these bullet points again in the argument section of their brief.

They provide no pertinent legal authority, and make no cogent argument, to indicate how or whether the alleged facts suggest that Mr. Gantz was an employee rather than a contractor.[7] We therefore decline to consider these aspects of their argument any further. *Schultz v. State*, 2007 WY 162, ¶ 18, 169 P.3d 81, 87 (Wyo.2007); *Rion v. State*, 2007 WY 197, ¶ 2, 172 P.3d 734, 735–36 (Wyo. 2007).

[¶ 26] The discussion section of Appellants' brief on this issue relies heavily upon one of the bullet points: Ding Masters required Mr. Gantz to wear a Ding Masters' t-shirt at work. This fact, Appellants urge, "by itself is sufficient to take this issue to a jury." We disagree. Appellants do not cite a single case to inform us whether required work apparel is more indicative of employee status or of contractor status. Appellants have simply failed to demonstrate that the mandatory t-shirt raises a genuine issue of material fact regarding whether Mr. Gantz was an employee or a contractor.

[¶ 27] Ding Masters successfully presented a *prima facie* case that it was entitled to summary judgment. Appellants did not come forward with evidentiary materials to counter that case, nor have they demonstrated that Ding Masters' own materials raised genuine issues of material fact. We therefore uphold the district court's grant of summary judgment in Ding Masters' favor.

[¶ 28] Affirmed.

---

6. W.R.C.P. 56.1, effective July 1, 2008, states the following:

   Upon any motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, in addition to the materials supporting the motion, there shall be annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. In addition to the materials opposing a motion for summary judgment, there shall be annexed a separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried.

Such statements shall include pinpoint citations to the specific portions of the record and materials relied upon in support of the parties' position.

7. We note that Appellants' reply brief addressed the summary judgment issue somewhat more coherently than their opening brief. Appellants also responded to the jurisdictional question that Ding Masters first raised in its brief. We consider Appellants' reply brief only to the extent that it discusses the jurisdictional issue. W.R.A.P. 7.03; *Furman v. Rural Elec. Co.*, 869 P.2d 136, 139 (Wyo.1994).