**Kathleen KIMBLEY and Clyde Kimbley, Jr., Appellants (Plaintiffs)**

v.

**CITY OF GREEN RIVER, Wyoming; Sweetwater County, Wyoming; State Department of Criminal Investigation, State of Wyoming; Roger Sims; Don Beckum; James Rountree Larry Paine; Joe Jaramillo; Ken Atwood; the Sheriff of Sweetwater County, Wyoming, James Stark; the Former Chief of Police for the City of Green River, Wyoming, Roger Mizel; and Steve Rubcic, Appellees (Defendants).**

No. 5562.

Supreme Court of Wyoming.

March 17, 1982.

Rehearing Denied April 8, 1982.

court could modify the award as in *State High-*

Edward P. Moriarity of Spence, Moriarity & Schuster, Jackson, for appellants.

*way Commission v. Newton*, supra.

Richard E. Day (argued), and Patrick J. Murphy of Williams, Porter, Day & Neville, Casper, for appellee, Sweetwater County, Wyo.

Allan A. Larson (argued) of Snow, Christensen & Martineau, Salt Lake City, Utah, a member of the Bar of Utah admitted specially for the purposes of this case, and Richard J. Mathey, Green River, for appellees City of Green River, Joe Jaramillo, Ken Atwood and Roger Mizel.

Glenn Parker (argued) and Harold Frederick Buck of Hirst & Applegate, Cheyenne, for remaining appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellants-plaintiffs brought an action against appellees-defendants, various law enforcement officers of the Green River Police Department, of the Sweetwater County Sheriff's Office and of the State Division of Criminal Investigation and their employers. The complaint alleged that appellees were liable for damages on the basis of negligence, malicious prosecution, assault and battery, violation of civil rights and false imprisonment in obtaining and executing a warrant for the arrest of appellants on charges of first degree murder, which charges were later dismissed. Pursuant to Rule 12(b)(6), W.R.C.P.,[1] appellees filed a

motion to dismiss the complaint for failure to state a claim upon which relief can be granted and attached supporting affidavits. Appellants filed (1) a motion for judgment on the issue of liability and (2) a response to the motion to dismiss the complaint in which they noted that it was "in essence a motion for summary judgment," and in which they requested additional time to conduct discovery[2] should the court treat the motion as one for summary judgment. The trial court granted appellees' motion for summary judgment and denied appellants' request for additional discovery time and their motion for judgment on liability. Appellants then moved for an oral hearing and for reconsideration. These motions were also denied.

Among other contentions presented on appeal, appellants argue that the trial court erred in failing to allow oral arguments on the motion to dismiss the complaint as converted to a motion for summary judgment, and that they were deprived of the opportunity to present affidavits, deposition facts, etc., counter to those presented by appellees relative to the summary judgment.

■ Rule 56(c), W.R.C.P., provides in pertinent part with reference to motions for summary judgment:

"The motion shall be served at least 10 days before the time fixed for the hear-

---

1. Rule 12(b), W.R.C.P., provides in pertinent part:

"(b) *How presented.*—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted, * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

2. Appellants' request for additional time to conduct discovery was made pursuant to Rule 56(f), W.R.C.P. Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Inasmuch as appellants had three months in which to undertake discovery and did not do so, the trial court did not abuse its discretion in denying the request. *Lamb's Patio Theatre, Inc. v. Universal Film Exchanges, Inc.*, 582 F.2d 1068 (7th Cir. 1978), 47 A.L.R.Fed 200. See 6 Pt. 2 Moore's Federal Practice, ¶ 56.24; 10 Wright & Miller, Federal Practice and Procedure: Civil, §§ 2740, 2741.

ing. The adverse party prior to the day of hearing may serve opposing affidavits. * * * "

The rule requires a hearing, but it does not require an *oral* hearing. Indeed, Rule 78, W.R.C.P., provides in pertinent part:

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

Rule 56(c) also requires that the adverse party be given notice of the time set for the hearing at least ten days in advance, whether written, or oral. See *Kibort v. Hampton*, 538 F.2d 90 (5th Cir. 1976);[3] *Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A. S.*, 425 F.2d 34 (3rd Cir. 1970).

■ Additionally, the fact that a motion to dismiss is being converted into a motion for summary judgment must be made known to all counsel together with a reasonable opportunity being afforded to the non-moving party to present that which he considers necessary to rebut the contention of the moving party. *Crown Central Petroleum Corporation v. Waldman*, 634 F.2d 127 (3rd Cir. 1980); *Hickey v. Arkla Industries, Inc.*, 615 F.2d 239 (5th Cir. 1980); *Winfrey v. Brewer*, 570 F.2d 761 (8th Cir. 1978); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454 (10th Cir. 1978); *Plante v. Shivar*, 540 F.2d 1233 (4th Cir. 1976); *Dale v. Hahn*, 440 F.2d 633 (2nd Cir. 1971); *Portland Retail Druggists Association v. Kaiser Foundation Health Plan*, 662 F.2d 641 (9th Cir. 1981); *Hansbury v. Regents of University of California*, 596 F.2d 944 (10th Cir. 1978); *Shehadeh v. Chesapeake and Potomac Telephone Company of Maryland*, 193 U.S.App. 326, 595 F.2d 711 (1978); *Chicago-Midwest Meat Association v. City of Evanston*, 589 F.2d 278 (7th Cir. 1979), cert. denied 442 U.S. 946, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); and *Kistner v. Califano*, 579 F.2d 1004 (6th Cir. 1978).

"We do not hold that a notice to convert a 12(b)(6) motion into a summary judgment must be by written order, but the record must adequately demonstrate that all counsel were aware of the intentions of the district judge to treat the motion as converted, together with a reasonable opportunity afforded to the non-moving party to present, by way of affidavit or otherwise, anything necessary to rebut the contention of the moving party. This does not appear in the instant case, although the district judge may have verbally advised counsel to this effect, all of which is not revealed in the record.

"Today we hold that where matters outside the pleadings are considered in disposition of a Rule 12(b)(6) motion, so as to automatically convert it to one for summary judgment pursuant to Rule 56, or as one made *sua sponte*, the Rule 56 strictures of notice, hearing and admissibility into evidence are strictly required. As Judge Goldberg aptly observed of the notice requirement in *Soley v. Star & Herald Co.*, 390 F.2d 364, 369–70 (5 Cir. 1968): 'They [the litigants] cannot read over the judge's shoulder, or penetrate his memory. Nor can we. From Shakespeare's Hamlet to Albee's Tiny Alice, soliloquies and asides have been shared with the audience.' Where there is a motion to dismiss for failure to state a claim upon which relief may be granted, there can never be a wide overview by the trial court, beyond the pleadings to include matters outside, without affording all litigants the opportunity to offer their perspectives on the additional matter by way of admissible evidence.

"The bridling devices at issue here sustain and insure the most elementary operation of our civil law. The concepts of notice, admissibility, and opportunity to be heard are ancient primaries. Independent from these notions in advocacy, there is the trial court's duty to insure that its basis for judgment is without error. This duty of the trial court distinguishes the margin of allowances we have

---

**3.** Rules 12 and 56, W.R.C.P., are virtually identical to their federal counterparts. We consider federal authority relative thereto to be highly persuasive.

held in the instance of an original Rule 56 motion from summary disposition following a Rule 12(b)(6) motion. * * * However correct the conclusion below may be in the end, we cannot allow the shaving of principles for expediency when those precepts assure order and justice." *Davis v. Howard*, 561 F.2d 565, 571–572 (5th Cir. 1977). Also quoted in *Hales v. First National Bank of Mobile*, 380 So.2d 797, 799–800 (1980).

The district court from which this appeal is taken does not have a district court rule [4] relative to determinations of motions without oral argument or relative to the time for presentation of rebutting material by a non-moving party when a Rule 12(b)(6) motion is converted into a motion for a summary judgment. The record in this case does not reflect an order with regard thereto or with regard to the intention to convert the Rule 12(b)(6) motion to a motion for a summary judgment. However, as noted, supra, the appellants classified the Rule 12(b)(6) motion as "in essence" a motion for summary judgment.

The notice (1) of intention to convert a Rule 12(b)(6) motion to one for a summary judgment, and (2) when such conversion is made, of the time at which the non-moving party must submit rebutting material, need not be by rule or order; but it must be reflected in the record. Inasmuch as the wording of Rule 78 directs the use of a rule or order to consider motions without oral hearing, such must be done.

In this case, we find appellants' recognition of the motion as one "in essence" for summary judgment to be sufficient acknowledgment of the fact of conversion from a Rule 12(b)(6) motion to one for summary judgment. We do not find that notice was given of the time after which rebutting material could not be filed by appellants with reference to the motion for summary judgment, and we do not find the rule or order reflecting that the determination of the motion would be made without oral hearing.

Therefore, we reverse and remand this case for correction of these procedural errors. In doing so, we recognize that the other issues on appeal may later return to us for disposition. To avoid this, we sometimes address questions likely to arise again after remand, *Chicago & N. W. Ry. Co. v. City of Riverton*, 70 Wyo. 119, 247 P.2d 660 (1952); *McGuire v. McGuire*, Wyo., 608 P.2d 1278 (1980).

To do so in this case, however, would not be appropriate. A summary judgment should issue only where there is no dispute as to material facts or where inquiry into the facts is unnecessary to clarify the application of the law. *Weaver v. Blue Cross-Blue Shield*, Wyo., 609 P.2d 984 (1980); *Forbes Company v. MacNeel*, Wyo., 382 P.2d 56 (1963). When given the opportunity, appellants may present material which will create a dispute as to material facts, and which may make it necessary to inquire into them to clarify the application of the law. Any resolution of legal issues now perceived to likely arise after remand may turn out to be a resolution of legal issues which no longer exist after appellants present material in opposition to the motion for summary judgment. The purpose of a motion for summary judgment is not to decide facts but to determine if any real issue exists. *Timmons v. Reed*, Wyo., 569 P.2d 112 (1977); *Fegler v. Brodie*, Wyo., 574 P.2d 751 (1978). On appeal, we determine the propriety of a summary judgment from the same standpoint as did the trial court. *Laird v. Laird*, Wyo., 597 P.2d 463 (1979). This can be done only when consideration can be given to all material presented by the parties after an opportunity to do so. Until such consideration is possible, a proper determination cannot be made with ref-

---

4.  Rule 83, W.R.C.P., provides:

    "Each district court may from time to time make and amend rules governing its practice not inconsistent with these rules or applicable statutes. Copies of rules and amendments so made by any court shall upon their promulgation be furnished to the Supreme Court. In all cases not provided for by rule or statute, the district courts may regulate their practice in any manner not inconsistent with these rules or applicable statutes."

erence to the existence of a dispute over material facts or as to whether or not an inquiry into such material is necessary to clarify the application of law.

Reversed and remanded for proceedings in accordance with this opinion.