2011 WY 134

**Celeste C. GRYNBERG d/b/a Grynberg Petroleum Company, Appellant (Plaintiff),**

v.

**L & R EXPLORATION VENTURE, Thomas L. Kempner, and Trof, Inc., Appellees (Defendants).**

**No. S–11–0037.**

Supreme Court of Wyoming.

Sept. 21, 2011.

Representing Appellant: William L. Hiser, Brown & Hiser, LLC, Laramie, Wyoming; Jon Aimone, Lemich Law Center, Rock Springs, Wyoming. Argument by Mr. Hiser.

Representing Appellees: Paula A. Fleck, Holland & Hart LLP, Jackson, Wyoming; Steve Andersen, Holland & Hart LLP, Boise, Idaho; Christina F. Gomez, Holland & Hart LLP, Denver, Colorado. Argument by Mr. Andersen.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] Celeste C. Grynberg, d/b/a/ Grynberg Petroleum Company (Grynberg Petroleum), filed a complaint for declaratory relief, breach of contract, unjust enrichment, and conversion against L & R Exploration Venture and numerous individuals and entities having an interest in the venture (collectively L & R). In essence, Mrs. Grynberg claimed that L & R owes her compensation for services Grynberg Petroleum provided to L & R and she is entitled to payment of those amounts. The district court granted summary judgment for L & R and dismissed the complaint on the basis of res judicata, finding that Mrs. Grynberg was in privity with parties involved in prior litigation in Colorado and New York and her complaint involved the same subject matter and issues resolved in those proceedings. Mrs. Grynberg appeals, claiming the district court erred in holding her claims are barred. We affirm.

## ISSUES

[¶ 2] Mrs. Grynberg presents two issues, which we restate as follows:

I. Whether the district court properly entered summary judgment for L & R when L & R failed to file a separate statement of material facts demonstrating the absence of a genuine issue for trial as required by W.R.C.P. 56.1.

II. Whether the district court correctly concluded that her claims are barred by the doctrine of res judicata.

L & R re-states these issues and asks the Court to award it attorney fees and costs in defending this appeal.

## FACTS

[¶ 3] Mrs. Grynberg and her husband, Jack Grynberg, are co-owners of Grynberg Petroleum, a company registered in the State of Utah that has been involved in acquiring, exploring, developing, and producing oil and natural gas fields. *L & R Exploration Venture v. Grynberg*, 31 Misc.3d 1219A, 927 N.Y.S.2d 816 (Table), 2011 WL 1564647 (N.Y.Sup.), 2011 N.Y. Slip Op. 50732(U) (April 19, 2011). Mr. Grynberg is the chief operating officer of the company. In 1960, he and several individuals entered into a joint venture agreement, L & R Exploration Venture, for the purpose of developing oil and natural gas fields primarily in Wyoming. Pursuant to the agreement, Mr. Grynberg acted as the chief executive officer of L & R and contributed the services, personnel, facilities, and accumulated knowledge of himself and the staff of Grynberg Petroleum. The other participants in L & R collectively contributed $250,000 as capital for the joint venture.

[¶ 4] The Nitchie Gulch Gas Field in Sweetwater County, Wyoming is among the fields Mr. Grynberg acquired and developed and from which he produced and marketed natural gas on behalf of L & R. Originally, Mr. Grynberg had a 41.5% interest in the gas field and L & R owned the remaining 58.5% interest. *L & R Exploration*, 2011 WL 1564647 at *1. In 1994, Mr. Grynberg assigned 99% of his interest in the gas field to Mrs. Grynberg. *Id.*

[¶ 5]   Over the years, Mr. Grynberg and L & R entered into agreements authorizing Grynberg Petroleum to recover damages for L & R's interests in the Nitchie Gulch Gas Field by filing suit against various entities. In exchange for pursuing L & R's claims and advancing the costs and fees of litigation, Grynberg Petroleum was to receive a percentage of any amounts recovered for L & R.

[¶ 6]   In 2000, an accountant for L & R raised questions concerning Mr. Grynberg's accountings and payments to the joint venture participants.   When Mr. Grynberg learned that he was being questioned, he and Mrs. Grynberg filed suit against L & R in their home state of Colorado.  The complaint named Mr. and Mrs. Grynberg d/b/a/ Grynberg Petroleum as plaintiffs.  They sought a judgment declaring that Mr. Grynberg had fully accounted to and paid L & R its share of the proceeds from the litigation involving the Nitchie Gulch Gas Field.  They also brought claims for breach of contract, unjust enrichment, and quantum meruit claiming L & R owed Grynberg Petroleum compensation for its services in developing the gas field and recovering damages for the joint venture's interests in that field.

[¶ 7]   In response to the Colorado action, L & R filed a petition in New York seeking a court order compelling the Grynbergs to arbitrate the dispute in accordance with the arbitration provisions contained in the joint venture agreement.  The Grynbergs moved for an order dismissing L & R's petition and transferring the matter to the Colorado state court.[1]  The New York court granted the motion to the extent that it dismissed Mrs. Grynberg from the proceeding, denied the motion as to Mr. Grynberg, granted L & R's arbitration petition and ordered Mr. Grynberg "and all others acting on his behalf" to refrain from initiating "any court proceeding as to the disputes, including the pending action in the District Court of . . . Colorado. . . ."

[¶ 8]   Consistent with the New York court's order, the Colorado court stayed the Grynbergs' action there while the New York arbitration proceeded.   Mr. Grynberg appealed the order compelling arbitration to the New York intermediate appeals court and New York's highest court.   Both courts rejected the appeal and affirmed the order compelling arbitration.

[¶ 9]   Less than two months after the order staying the Colorado action, Mrs. Grynberg filed a complaint in Colorado state district court.  This complaint was identical to the Grynbergs' earlier Colorado complaint except that Mrs. Grynberg d/b/a Grynberg Petroleum was the sole plaintiff, Mr. Grynberg was referred to in the body of the complaint as assignor and Mrs. Grynberg sought damages as his assignee.  Finding that the two complaints involved "identical claims and facts," the Colorado court consolidated the cases and entered an order staying them until resolution of the New York proceedings.  The order stated further: "The Court also finds that [Mrs.] Grynberg's actions have frivolously multiplied the proceedings in the case and that an award of attorney's fees and costs against [her] is therefore appropriate."

[¶ 10]   After the New York appellate courts rejected Mr. Grynberg's appeals of the order compelling arbitration, the matter proceeded to arbitration.   L & R asserted that Mr. Grynberg had breached the joint venture agreement, his fiduciary duty and the implied covenant of good faith and fair dealing by failing to account to L & R and make distributions to its participants while at the same time he had been paying himself from L & R funds.  L & R sought an accounting and payment of all sums due and owing to each participant.  Mr. Grynberg generally denied the allegations and filed counterclaims against L & R for breach of contract, unjust enrichment and quantum meruit claiming, as he and Mrs. Grynberg had in the Colorado actions, that L & R owed Grynberg Petroleum compensation for its services.

---

1.   In addition to filing the motion to dismiss, Mr. Grynberg challenged the New York court's personal jurisdiction over him.  After more than a year of discovery, a special referee rejected the defense, finding that Mr. Grynberg had sufficient contacts with New York to support the court exercising jurisdiction.

[¶ 11] In November of 2008, over seven years after the dispute began, the arbitration panel unanimously concluded that Mr. Grynberg had violated his fiduciary and accounting responsibilities and awarded L & R $3,067,783 plus interest. The panel rejected Mr. Grynberg's counterclaim for $13.7 million except for ordering that he be reimbursed $40,000 in payments he had made to an accountant on L & R's behalf. L & R filed a motion with the New York Supreme Court to confirm the arbitration award. Mr. Grynberg filed a cross motion to partially vacate the award. The court confirmed the award, denied the cross motion, and entered final judgment against Mr. Grynberg.

[¶ 12] Mr. Grynberg paid part of the judgment, including $1,384,025 to Mrs. Grynberg, the amount owing to her as assignee of his interest in L & R. He failed to pay the balance of the judgment and, in 2009, L & R filed an action in Colorado to domesticate the judgment in Mr. Grynberg's home state in order to collect the unpaid portion. Mr. Grynberg objected. The Colorado district court rejected the objection and allowed the New York judgment to be filed. Mr. Grynberg appealed. The Colorado court of appeals affirmed. *L & R Exploration Venture v. Grynberg,* —— P.3d —— (Colo.App.2011).

[¶ 13] Meanwhile, in 2010, Mrs. Grynberg d/b/a Grynberg Petroleum filed the present action against L & R in Wyoming. She sought judgment declaring that Mr. Grynberg had fully accounted to and paid L & R its share of the damages obtained in connection with the Nitchie Gulch Gas Field and had no further obligation to the joint venture. She also claimed L & R breached its agreement to compensate Grynberg Petroleum for the value of its services in developing the gas field, obtaining damages for L & R and outlay of litigation costs. Mrs. Grynberg also claimed L & R had been unjustly enriched by not paying for the services provided by Grynberg Petroleum agents and employees and had converted the amounts owing. In addition to a declaratory judgment, Mrs. Grynberg sought compensatory damages of between $12.5 million and $7.16 million, pre- and post-judgment interest and attorney fees.

[¶ 14] L & R moved to dismiss the complaint under Wyoming Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. L & R asserted that Mrs. Grynberg's complaint was an improper attempt to re-litigate the identical claims that Mr. Grynberg had asserted against L & R and lost on the merits in New York. After a hearing, the district court converted L & R's motion to dismiss to a motion for summary judgment and granted it, finding Mrs. Grynberg's claims barred by res judicata. The district court issued its decision letter on August 13, 2010.

[¶ 15] On September 9, 2010, Mrs. Grynberg filed a motion to reconsider and an objection to the evidence the district court considered in granting summary judgment. The next day, L & R filed a motion in New York seeking to have Mr. Grynberg held in contempt for violating the earlier order prohibiting him "and all others acting on his behalf" from initiating any court lawsuit involving the joint venture by filing, through Mrs. Grynberg, the Wyoming action. While the contempt motion was pending, the district court in Wyoming convened a hearing on Mrs. Grynberg's motion to reconsider and objection to evidence. At the conclusion of the hearing, the district court denied the motion and entered an order granting summary judgment to L & R in accordance with its decision letter. Mrs. Grynberg timely appealed to this Court. After she had filed her appellate brief, the New York Supreme Court issued a decision finding Mr. Grynberg in contempt for colluding with Mrs. Grynberg to bring this action in Wyoming in violation of its 2005 order to refrain from further litigation involving L & R and the issues before the arbitration panel.

## STANDARD OF REVIEW

[¶ 16] Summary judgment motions are governed by W.R.C.P. 56(c):

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

ty is entitled to a judgment as a matter of law.

We review a district court's summary judgment rulings *de novo*, using the same materials and following the same standards as the district court. The facts are reviewed from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 11, 126 P.3d 886, 889 (Wyo.2006); *Garcia v. Lawson*, 928 P.2d 1164, 1166 (Wyo.1996). The question of whether res judicata bars a claim is one of law also subject to *de novo* review. *Wyo. Med. Ctr., Inc. v. Wyo. Ins. Guar. Ass'n*, 2010 WY 21, ¶ 11, 225 P.3d 1061, 1064 (Wyo.2010).

## DISCUSSION

### 1. The W.R.C.P. 56.1 requirement of a statement of material facts.

■ [¶ 17] Mrs. Grynberg asserts L & R failed to comply with W.R.C.P. 56.1 and that failure precluded the entry of summary judgment in its favor. Rule 56.1 provides:

**Rule 56.1. Summary judgment—Required statement of material facts.**

Upon any motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, in addition to the materials supporting the motion, there shall be annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.

In addition to the materials opposing a motion for summary judgment, there shall be annexed a separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried.

Such statements shall include pinpoint citations to the specific portions of the record and materials relied upon in support of the parties' position.

[¶ 18] L & R does not dispute that Rule 56.1 requires a separate, short and concise statement of the material facts demonstrating the absence of any genuine issue for trial

with pinpoint citations to the record. L & R asserts, however, that no such requirement exists under W.R.C.P. 12(b)(6), which is the rule pursuant to which it filed its motion. L & R further contends Mrs. Grynberg waived her objection to its alleged non-compliance with Rule 56.1 by failing to raise it in response to the motion or during the motion hearing, instead raising it for the first time after the district court had issued its decision letter. L & R asserts that in any event it provided the district court with sufficient information to support its motion.

[¶ 19] Rule 56.1 is clear that upon filing *any* motion for summary judgment under Rule 56, a separate statement of material facts with pinpoint citations supporting the motion is required. In the same motion in which it sought a Rule 12(b)(6) dismissal, L & R alternatively sought summary judgment. A separate statement of the material facts with pinpoint citations supporting its summary judgment motion was required.

[¶ 20] Mrs. Grynberg did not object to L & R's noncompliance with Rule 56.1 in her response to the motion or at the motion hearing. After the district court issued its decision letter granting summary judgment, however, she filed a motion asking the court to reconsider its ruling together with an objection to the evidence L & R had submitted in support of its motion. Specifically, she objected to the affidavits L & R attached to its motion as inadmissible hearsay and to L & R's failure to attach a Rule 56.1 statement. The district court convened a hearing on Mrs. Grynberg's motion and objection at which time she again asserted L & R's affidavits contained inadmissible hearsay and it had not complied with Rule 56.1. In ruling on the evidentiary objection, the district court stated that no objection was made to the affidavits prior to or at the time it heard L & R's motion and it intended to sign the order granting summary judgment. Although the district court did not separately address the Rule 56.1 issue, it is clear it considered Mrs. Grynberg's objections waived by her failure to raise them before or during the summary judgment hearing.

[¶ 21] We said in *Kruckenberg v. Ding Masters, Inc.*, 2008 WY 40, ¶ 24, 180 P.3d

895, 903 (Wyo.2008) that a party's failure to comply with Rule 56.1 by pointing out to the district court the facts creating a genuine issue of material fact may be fatal to an appeal. Where, as here, however, the lack of compliance with Rule 56.1 was not raised in the district court until after it had heard and decided the summary judgment motion and the court ruled the objection was waived, we are not inclined on appeal to interfere with the ruling. While we do not condone L & R's failure to comply with Rule 56.1, we conclude the district court properly exercised its authority in determining that Ms. Grynberg waived the objection to its consideration of L & R's motion and supporting materials when she did not raise it until after the court had considered the materials and issued a ruling.

[¶ 22] In *Conway v. Guernsey Cable TV,* 713 P.2d 786 (Wyo.1986), we held that a party waived an objection to the court's examination of factual support or opposition to a summary judgment motion when it was not made until after the motion hearing. Although in *Conway* the objection was first made on appeal, and Mrs. Grynberg made her objection in the district court, the same rationale applies. No objection was made until after the district court considered and ruled on the summary judgment motion; therefore, the objection was waived.

## 2. *Res judicata.*

[¶ 23] The doctrine of res judicata bars re-litigation of previously litigated causes of action or claims. For the doctrine to apply: 1) the parties must be identical; 2) the subject matter must be identical; 3) the issues must be identical and relate to the same subject matter; and 4) the capacities of the persons must be identical in reference to both the subject matter and the issues between them. *Wyo. Med. Ctr.,* ¶ 15, 225 P.3d at 1065. The "identical parties" requirement is met when the parties are the same as, or in privity with, those involved in previous proceedings. *Osborn v. Kilts,* 2006 WY 142, ¶ 10, 145 P.3d 1264, 1267 (Wyo.2006). Privity means a connection or relationship between two parties, each having a legally recognized interest in the same subject matter. *Id.,* n.

4. Privity signifies that the relationship between two persons is such that a judgment involving one of them is conclusive upon the other, although the other was not a party to the suit. *Black's Law Dictionary* 1237 (Eighth ed. 2004). Among the legal relationships that bind a nonparty to an earlier judgment are preceding and succeeding owners of property, bailors and bailees, assignors and assignees and nonparties who are adequately represented by someone with the same interests who was a party. *Taylor v. Sturgell,* 553 U.S. 880, 894, 128 S.Ct. 2161, 2172, 171 L.Ed.2d 155 (2008).

[¶ 24] As reflected in paragraph 6 above, this matter began when Mr. and Mrs. Grynberg d/b/a Grynberg Petroleum filed suit in Colorado against L & R seeking a declaratory judgment that Mr. Grynberg had fully accounted to and paid L & R its share of the damages recovered through litigation for L & R's interest in the Nitchie Gulch Gas Field and claiming L & R owed them compensation for services Mr. Grynberg and Grynberg Petroleum provided in recovering those damages. The Colorado action was stayed by order of the New York court after L & R sought an order compelling the Grynbergs to arbitrate the dispute in accordance with the arbitration provision of the joint venture agreement. The arbitration panel had before it the same issues and subject matter the Grynbergs raised in the Colorado action, essentially, whether Mr. Grynberg fully accounted to and made distributions to L & R and whether L & R owed compensation to Mr. Grynberg, d/b/a Grynberg Petroleum for the services provided in connection with the Nitchie Gulch Gas Field. The arbitration panel resolved those issues in L & R's favor and two New York courts affirmed that result.

[¶ 25] In her Wyoming complaint, Mrs. Grynberg d/b/a Grynberg Petroleum sought a declaration that Mr. Grynberg had fully accounted for and paid L & R its share of the revenues recovered in connection with the Nitchie Gulch Gas Field litigation and owed nothing more. She also claimed L & R owed her, as the owner of Grynberg Petroleum and the assignee of Mr. Grynberg's interest in L & R, compensation for services Gryn-

berg Petroleum provided in recovering those amounts. These are the identical issues and subject matter raised in the New York and Colorado courts and resolved in New York after a seven day evidentiary hearing and numerous appeals.

[¶ 26] Contending otherwise, Mrs. Grynberg asserts the issues and subject matter are different in the present case because she seeks compensation as the owner of Grynberg Petroleum while the New York proceedings involved Mr. Grynberg in his capacity as manager of the company and chief executive officer of L & R. She further contends the issues and subject matter are different because the New York proceedings concerned the joint venture agreement between L & R and Mr. Grynberg to which she was not a party. These assertions are without merit.

[¶ 27] In all of the proceedings—the New York arbitration and appeals, the Colorado lawsuits and Mrs. Grynberg's Wyoming action—the issues to be determined were what amounts Mr. Grynberg owed to L & R and whether L & R owed Mr. Grynberg and his company compensation. Those issues have been fully and finally resolved. Whether or not Mrs. Grynberg is the owner of Grynberg Petroleum or was a party to the joint venture agreement, an order was entered in New York finding that Mr. Grynberg owed L & R monies recovered in connection with the Nitchie Gulch Gas Field and L & R owed Mr. Grynberg and his company nothing except the $40,000 accountant fee. As the co-owner of Grynberg Petroleum, Mrs. Grynberg has no greater right to payment of compensation from L & R than the company had. Wheth-

er or not she was a party to the joint venture agreement, Mrs. Grynberg is the assignee of Mr. Grynberg's interest in L & R and has no greater rights against L & R than he had. *See Jones v. Central States Inv. Co.*, 654 P.2d 727, 732 (Wyo.1982) ("The assignee stands in the shoes of the assignor and receives all of such right, title and interest as is possessed by the assignor. . . .").

[¶ 28] Pursuant to the New York judgment, Mrs. Grynberg, as the assignee of her husband's interest in L & R, received payment of her proportionate share of the amount Mr. Grynberg was ordered to pay to L & R. Pursuant to the New York judgment, Mrs. Grynberg as co-owner of Grynberg Petroleum was not entitled to payment of anything from L & R because the arbitration panel determined, and the two courts of appeals confirmed, that L & R owed Grynberg Petroleum nothing more than the $40,000 accountant fee. Mrs. Grynberg is in privity with Mr. Grynberg as the assignee of his interest in L & R and with Grynberg Petroleum as co-owner of the company and is bound by the prior rulings.[2] The district court correctly ruled that res judicata bars her claims.

### 3. L & R's attorney fees and costs.

[¶ 29] L & R asks this Court to award it attorney fees and costs in defending this appeal pursuant to W.R.A.P. 10.05:

**Rule 10.05. Costs and penalties on affirmance.**

If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief

---

2. In ruling on L & R's motion to hold Mr. Grynberg in contempt, the New York Supreme Court made the following findings:

  – Mr. and Mrs. Grynberg have been husband and wife for fifty years.
  – Mr. Grynberg and his agents have repeatedly admitted in affidavits, pleadings and deposition and hearing testimony that Grynberg Petroleum is his own d/b/a.
  – Mr. Grynberg is president and co-owner, along with his wife, of Grynberg Petroleum.
  – Mr. and Mrs. Grynberg are partners in L & R. Mr. and Mrs. Grynberg were originally co-defendants in the New York arbitration action.
  – The New York courts ordered Mr. Grynberg to arbitrate his disputes with L & R and enjoined him and "anyone acting on his behalf"

from initiating any lawsuit relating to those disputes.
  – Although Mr. Grynberg is not a plaintiff in the Wyoming action, Mrs. Grynberg alleges in her complaint that she acted by and through him as his agent.
  – Mrs. Grynberg's decision to step into her husband's shoes and commence an action in Wyoming was an affirmative act of resistance to the [New York] court's order.
  – Mrs. Grynberg's actions relating to Grynberg Petroleum are indistinguishable from those of her husband.
  – Grynberg Petroleum and Mr. Grynberg are one and the same and the company has no legal existence apart from Grynberg himself.
*L & R Exploration*, 2011 WL 1564647.

with the cost to be computed at the rate allowed by law for making the transcript of the evidence. If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

[¶ 30] An appellate court is reluctant to grant sanctions and will do so only in rare circumstances. *Budd–Falen Law Offices, P.C. v. Rocky Mt. Recovery, Inc.*, 2005 WY 77, ¶ 8, 114 P.3d 1284, 1291 (Wyo.2005). This is one of those rare circumstances. The manner in which Mrs. Grynberg and Grynberg Petroleum have approached this case from beginning to end has resulted in unnecessary legal expense. Her pursuit of this appeal was simply another example of the Grynbergs' efforts to prolong this dispute and increase costs. In light of the lengthy New York proceedings, the orders staying and prohibiting other proceedings, and the contempt order, Mrs. Grynberg d/b/a Grynberg Petroleum had no reasonable cause for this appeal. L & R is entitled to attorney fees and costs.

## CONCLUSION

[¶ 31] The district court's order granting summary judgment is affirmed. We impose sanctions upon Mrs. Grynberg. L & R shall submit a statement of costs and attorney fees associated with defending this appeal. Upon review, we will award an appropriate amount.