2012 WY 48

**WORLD FAMILY CORPORATION, A Wyoming Corporation, dba Morrow Global, Appellant (Plaintiff),**

v.

**WINDJAMMER COMMUNICATIONS, LLC, a Delaware Limited Liability Company Domesticated in Wyoming, and UINTA County School District No. 1, State of Wyoming, Evanston, Wyoming, and Wyoming Department of Transportation, State of Wyoming, Appellees (Defendants).**

No. S–11–0165.

Supreme Court of Wyoming.

March 28, 2012.

Representing Appellant: Tara B. Nethercott, Woodhouse Roden, LLC, Cheyenne, Wyoming.

Representing Appellees Windjammer Communications, LLC and Uinta County School District No. 1: Mark W. Harris, Harris Law Firm, P.C., Evanston, Wyoming.

Representing Appellee State of Wyoming, Department of Transportation: Gregory A. Phillips, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General. Argument by Mr. Moench.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] World Family Corporation, dba Morrow Global (Morrow), sought judgment against Uinta County School District No. 1 (the District) and Windjammer Communications, LLC (Windjammer) declaring that Morrow is a co-owner with the District of a conduit located under Interstate 80 in Evanston, Wyoming. Morrow also sought an order permanently enjoining the District from interfering with, excluding or converting Morrow's use of the conduit. Finally, by way of a quantum meruit claim, Morrow asserted that Windjammer had been unjustly enriched by using the conduit without paying for it.

[¶ 2] The District and Windjammer moved to dismiss the complaint. They argued that the district court lacked subject matter jurisdiction over the claims against the District, Morrow had failed to join the Wyoming Department of Transportation (WYDOT) as an indispensable party and World Family Corporation, the party designated as plaintiff in the complaint, did not exist at the time of the events giving rise to the action. Morrow moved to join WYDOT as a defendant and the district court granted the motion. Because both parties submitted matters outside the pleadings in presenting argument on the motion to dismiss, the district court treated the motion as one for summary judgment. After a hearing, the court granted the motion, finding that Morrow had failed to present any facts showing that it was an owner of the conduit and

entitled to the relief sought. Morrow appealed. We conclude the district court improperly granted summary judgment when the parties had no opportunity to present evidence and argument on the issue of Morrow's ownership. We reverse the summary judgment order.

## ISSUES

[¶ 3] Morrow presents two issues, which we rephrase as follows:

Whether the district court erred in *sua sponte* deciding an issue that was not presented, thereby improperly shifting the burden to Morrow.

Whether the district court erred in granting summary judgment for Windjammer, the District and WYDOT on the ownership issue when that issue was not raised in the motion and the parties had no notice the district court intended to address it.

Windjammer, the District and WYDOT contend the district court properly granted summary judgment in their favor.

## FACTS

[¶ 4] In August of 1995, the District and Morrow entered into a contract whereby Morrow was to construct an improved voice and data telecommunications system for the District. In September the same year, WYDOT issued a license to Morrow and the District to enable Morrow to install copper and fiber optics telecommunications cables and conduits under Interstate 80 in Uinta County, Wyoming.

[¶ 5] In August of 2008, Morrow became aware that a fiber optic cable belonging to Time Warner Cable, the local cable television company, had been placed in one of the conduits Morrow and the District were leasing from WYDOT. Morrow contacted Time Warner and learned that the franchise had been sold to Windjammer. Morrow subsequently learned the City of Evanston had issued a franchise agreement to Windjammer for the city's cable television.

[¶ 6] Morrow contacted Windjammer in 2009. Windjammer admitted that it was using the conduit. After initially agreeing to

enter into a lease purchase agreement with Morrow for use of enough space in the conduit for one fiber optic cable, Windjammer requested instead that the parties execute an irrevocable right of use agreement. As part of the agreement, Windjammer asked Morrow to notify the District and make sure it did not object to Windjammer using the conduit. Morrow notified the District, which responded by denying that Morrow co-owned the conduit. As a consequence, Windjammer did not enter into an agreement with Morrow for use of the conduit.

[¶ 7] In 2010, Morrow filed an action in Laramie County for a judgment declaring it to be a co-owner with the District of the conduit with the right to contract for its use and an order prohibiting the District from interfering with its use of the conduit. The District and Windjammer responded with their motion to dismiss. They argued the district court lacked subject matter jurisdiction over the claims asserted against the District because Morrow had not presented a notice of claim as required by the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. §§ 1–39–101 to 121 (LexisNexis 2011). Additionally, they asserted venue was improper in Laramie County. They also asserted Morrow had failed to join WYDOT as an indispensable party. Finally, they argued that World Family Corporation, the party named as plaintiff, was dissolved in 1998 and the World Family Corporation existing at the time Morrow filed its complaint came into existence only after the events giving rise to the action.

[¶ 8] In response to the motion, Morrow sought to join WYDOT as a defendant. The district court granted the motion. WYDOT answered the complaint, generally denying the claims, asserting the license it issued allowed Morrow only to use the highway right-of-way owned by WYDOT and asking for judgment in its favor.

[¶ 9] Responding to the other arguments the District and Windjammer presented in their motion, Morrow asserted the WGCA did not apply because Morrow was not seeking money damages; therefore, it was not required to present a notice of claim to the District. Morrow maintained venue was proper in Laramie County. Morrow also maintained it was the real party in interest because it was a party to and maintained ownership of the licensing agreement with the District, it had been in existence and used the trade name "Morrow Global" since 1994 and World Family Corporation does business as Morrow Global.

[¶ 10] After Morrow filed its response, the District and Windjammer filed a request for a hearing and requested a court reporter. The district court convened a hearing but it was not reported. Subsequently, the district court entered an order granting summary judgment in favor of the District and Windjammer. The order does not address the WGCA, venue or the real party in interest issues presented in the motion and responses. Instead, the district court concluded the dispositive issue was whether Morrow had any ownership interest in the conduit. Addressing that issue, the district court concluded there were no disputed material facts presenting a genuine issue that Morrow had any ownership interest under the license and granted summary judgment for the District and Windjammer. Morrow timely appealed from the district court's order.

## STANDARD OF REVIEW

[¶ 11] Summary judgments are governed by W.R.C.P. 56(c):

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We review a district court's summary judgment rulings *de novo*, using the same materials and following the same standards as the district court. The facts are reviewed from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record.

*Grynberg v. L & R Exploration Venture,* 2011 WY 134, ¶ 16, 261 P.3d 731, 736 (Wyo. 2011).

## DISCUSSION

[¶ 12]   In its first issue, Morrow contends the district court erred when it *sua sponte* decided the case on the basis of an issue not raised in the motion to dismiss, that is, whether Morrow had an ownership interest in the conduit.   Morrow contends that in entering summary judgment for the District and Windjammer on that issue, the district court effectively decided the merits of the action without notice to the parties or providing them an opportunity to conduct discovery and present evidence.   In essence, Morrow asserts it showed up for the hearing prepared to argue and expecting the district court to consider whether the WGCA applied, venue was proper, and World Family was the real party in interest, but the district court expressed no interest in those issues. Rather, without warning or providing Morrow any time to prepare or adequately respond, the court focused on the substance of its complaint for declaratory relief and, subsequently, entered judgment against it.   The District and Windjammer maintain the issue of ownership was before the court at the motion hearing and the court properly decided the issue in their favor.   They assert the issue was placed before the district court in the complaint, answer, motion to dismiss, and the affidavit Morrow filed in response to the motion.

[¶ 13]   As reflected in paragraph 11 above, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c).   "Summary judgment is a drastic remedy designed to pierce the formal allegations and reach the merits of the controversy, but only where no genuine issue of material fact is present." *Mathisen v. Thunder Basin Coal Co., LLC,* 2007 WY 161, ¶ 9, 169 P.3d 61, 64 (Wyo.2007), citing *Weaver v. Blue Cross–Blue Shield of Wyoming,* 609 P.2d 984, 986 (Wyo.1980).

Rule 56 clearly contemplates a motion and full adversary proceedings before a summary judgment is granted.   *Union Pacific R.R. Co. v. Caballo Coal Co.,* 2011 WY 24, ¶ 31, 246 P.3d 867, 875 (Wyo.2011). The rule also requires notice and an opportunity to present admissible evidence and be heard before judgment is granted.   *Id.,* citing *Kimbley v. Green River,* 642 P.2d 443, 445 (Wyo.1982). When a district court enters summary judgment without satisfying these requirements, it deprives the parties of the due process protections afforded by the applicable civil rules.   *Union Pacific,* ¶ 32, 246 P.3d at 875, citing *Abraham v. Great Western Energy, LLC,* 2004 WY 145, ¶ 19, 101 P.3d 446, 455 (Wyo.2004).   Under either Rule 12(b)(6) or Rule 56, notice and an opportunity for the parties to present evidence and be heard is required before a district court may dismiss an action.   *Union Pacific,* ¶ 32, 246 P.3d at 875, citing *Jenkins v. Miller,* 2008 WY 45, ¶ 21, 180 P.3d 925, 932–33 (Wyo.2008) and *Lee v. Bd. of County Comm'rs of the County of Sweetwater,* 644 P.2d 189, 190 (Wyo.1982). However correct the district court's conclusion may be in the end, this Court cannot allow these principles to be disregarded. *Union Pacific,* ¶ 31, 246 P.3d at 875, citing *Kimbley,* 642 P.2d at 445–46.

[¶ 14]   In the present case, the District and Windjammer presented three grounds for dismissal in their Rule 12(b)(6) motion: failure to comply with the WGCA, improper venue and failure to state a claim based on the assertion that World Family Corporation was not the real party in interest.   Nowhere in either their motion or the accompanying memorandum did the District and Windjammer argue that the action should be dismissed because Morrow had no ownership interest in the conduit.   Accordingly, in responding to the motion, Morrow claimed that compliance with the WGCA was not required, venue was proper in Laramie County and World Family Corporation, doing business as Morrow Global, was a real party in interest.   Morrow presented no argument concerning its alleged co-ownership of the conduit.

[¶ 15]   Despite the posture of the case leading into the hearing, the district court

apparently focused during the hearing on the question of Morrow's ownership. At that time, the record contained the following evidence concerning Morrow's alleged co-ownership:

— the license WYDOT issued to Morrow, the District "and their successors and assignors" granting them permission as "licensee[s]/owner[s]" to occupy a portion of the right-of-way under I–80 in Uinta County controlled by WYDOT;

— the 1995 contract between the District ("Owner") and Morrow ("Contractor") for construction of a telecommunications system;

— the affidavit of James W. Morrow, project manager for Morrow, stating that Morrow became a co-owner with the District of three conduits under I–80 through a licensing agreement issued by WYDOT and that the licensing agreement was for the purpose of co-ownership of three conduits containing fiber optic cables;

— a letter from Morrow's attorney to the District stating that, by virtue of the WYDOT license, Morrow is "owner of the conduit space and vault or 'handhole' space (MG SPACE), of Conduit D" and the District "is a joint owner of the conduit space.";

— a letter from the District's attorney to Morrow's attorney stating that the District "does not believe and affirmatively denies that World Family Corp. has any ownership interest in the conduit[.]"

[¶ 16] At the time of the hearing, the District and Windjammer had not answered the complaint and, therefore, had not formally admitted or denied Morrow's claim of ownership, the District and Windjammer had not requested dismissal on the ground that Morrow did not own or co-own the conduit, no discovery had been conducted and the parties had not briefed the ownership issue. Under these circumstances, we conclude the district court erred in ruling that Morrow had no ownership interest and granting summary judgment for the District and Windjammer on that basis. Morrow did not have notice that the district court intended to consider and rule on the issue of ownership and did not have an adequate opportunity to present evidence or argument on that issue. Thus, the district court violated the procedures set forth in Rule 56 and deprived Morrow of its due process right to notice and an opportunity to be heard.

[¶ 17] The District and Windjammer contend the district court properly considered the ownership issue because the issue was placed before it by way of the complaint, WYDOT's answer, their motion to dismiss and the affidavit Morrow attached to its response to the motion. There is no question Morrow's ownership of the conduit was placed at issue in its complaint; Morrow sought a judgment declaring that it co-owned the conduit. There is also no question that WYDOT in its answer denied that issuing the license resulted in co-ownership of the conduits. It is not true, however, that the District and Windjammer placed Morrow's ownership at issue in their motion to dismiss. Nowhere in either their motion or the accompanying memorandum did they argue the action should be dismissed because Morrow had no ownership interest in the conduit. Finally, although the affidavit attached to Morrow's response asserts Morrow's co-ownership, the substance of the motion to dismiss and the response simply did not pertain to the ownership interest; consequently, in its response Morrow provided no argument or authority supporting its assertion that it was an owner. Under these circumstances, we conclude Morrow's ownership was not at issue at the motion hearing and the district court should not have decided the issue without providing notice of its intent to do so and an adequate opportunity for Morrow to present evidence and be heard on the issue.

[¶ 18] We reverse the summary judgment order and remand for proceedings consistent with this opinion.